CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMETRIUS J. WADE, ) | |
|     Petitioner, ) | Civil Action No. 7:19-cv-00763 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HAROLD CLARKE, ) |     Chief United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Demetrius J. Wade, a Virginia inmate acting *pro se*, brought this action pursuant to 28 U.S.C. § 2254. The petition challenged his convictions for two counts of second-degree felony murder and two counts of using a firearm in the commission of murder. On May 21, 2021, the court issued a 19-page memorandum opinion addressing the respondent's motion to dismiss the petition, concluding that the "state habeas decision is not contrary to federal law, nor does the decision involve an unreasonable application of law or an unreasonable determination of facts." (Dkt. No. 37 at 1.) Thus, the court issued an order dismissing the petition and declining to issue a certificate of appealability. (Dkt. No. 38.) The Fourth Circuit Court of Appeals affirmed the court's decision on January 20, 2022. (Dkt. No. 44.)

On November 10, 2025, Wade filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which is now before the court. (Dkt. No. 59.)[1] As Wade's motion recognizes, the court's ability to consider a Rule 60 motion in § 2254 habeas proceedings is strictly cabined. *See Bixby v. Starling*, 90 F.4th 140, 147 (4th Cir. 2024) (discussing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

---

[1] Wade subsequently filed a motion to amend this motion, stating that he "wishes to amend the date from February 22, 2022, to February 22, 2016, which is in the second sentence, on page No. 9 of the motion submitted to your court, which is also related to the case number provided above." (Dkt. No. 60.) This motion will be granted.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act (AEDPA), applicants for habeas relief are allowed to file one timely § 2254 petition without seeking prior authorization. After having done so, they are barred from bringing additional claims in a second or successive habeas corpus application under § 2254 unless the petitioner has first obtained authorization from the appropriate court of appeals. *See* § 2244. Wade has not received authorization to pursue a second or successive petition from the Fourth Circuit.

Instead, Wad filed a Rule 60 motion, but the court lacks jurisdiction over such a motion if it is a "disguised" habeas petition, as opposed to a "true" Rule 60(b) motion. *Bixby*, 90 F.4th at 148. A "true" Rule 60(b) motion would challenge "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. As examples, the Supreme Court cited a motion asserting that "a previous ruling which precluded a merits determination was in error," such as a district court's denial of habeas relief for "failure to exhaust, procedural default, or statute-of-limitations bar," *id.* at 532 n.4, or "fraud," *id.* at 532 n.5. A "true" Rule 60(b) motion would not "assert, or reassert, claims of error in the movant's state conviction," and a motion "challenging only the District Court's failure to reach the merits" could be considered without running afoul of AEDPA. *Id.* at 538. By contrast, "an attack based on the movant's own conduct or his habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5; *see also Bixby*, 90 F.4th at 148.

The court's opinion addressed three categories of claims alleged by Wade: due process, ineffective assistance of counsel (with several subparts), and trial court errors (with two subparts). (Dkt. No. 37 at 9.) The court addressed the due process and ineffective assistance claims on their merits, finding in each instance that petitioner's claims did not survive AEDPA's

2

deferential standard of review. (*Id.* at 10–17.) The court found that the allegations of trial court error were procedurally defaulted. (*Id.* at 17–18.)

Wade advances two arguments in support of his motion. First, Wade argues that the court erred by not citing any case law when denying relief on part (d) of his ineffective assistance claim, which "hindered Petitioner's ability to fairly and effectively present this particular claim to the Fourth Circuit . . ." (Dkt. No. 59 at 5.) According to Wade, the court "didn't address the amendment of claim (d), which is where he made corrections to ensure that the claim complied with [] § 2254(d)(1)(2) and also where he clarified how and why *Lafler v. Cooper*, 556 U.S. 156, 164 (2012) applies to the claim." (*Id.*) Despite his contention to the contrary, this argument does not reflect a defect in the integrity of the federal habeas proceedings. Instead, Wade is arguing that the court made an error in its reasoning when denying this claim on the merits. When a movant "wants a district court that has already denied relief on the merits to take another look at whether to grant relief on the merits," a Rule 60(b) motion "falls squarely within *Gonzalez*'s heartland as a motion that is subjected to AEDPA's restrictions." *Bixby*, 90 F.4th 149.

In his second argument, Wade argues that the court failed to address another portion of his ineffective assistance claim. (Dkt. No. 59 at 6.) Wade is referring to part (e), in which he contended that his attorney was ineffective for failing to explain the elements of felony murder and that this was a lesser included offense within the first-degree murder charge. Put otherwise, Wade argued that counsel failed to explain the elements of second-degree felony murder and that Wade could not be convicted of both first-degree murder and second-degree murder of the same person. (Dkt. No. 37 at 15.) In his Rule 60 motion, Wade notes that he was granted leave to "add" a case to his claim. (Dkt. No. 59 at 6 (citing *Lee v. United States*, 137 S. Ct. 1958 (2017);

3

*see also* Dkt. No. 26 at 6.)  Wade argues that the court's failure to address or cite this case in its opinion reflects a defect in the federal proceedings.  Once again, Wade is asking the court to "take another look" at the merits of his claim, not that the court erred in its failure to address the claim in the first instance.[2]

For the foregoing reasons, it is HEREBY ORDERED that Wade's motion to amend his Rule 60(b) motion (Dkt. No. 60) is GRANTED, but his Rule 60(b) motion (Dkt. No. 59) is DISMISSED without prejudice for lack of jurisdiction.  The court also DECLINES to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2), and DECLINES to transfer this motion to the Fourth Circuit to consider authorization for a second or successive petition.

The Clerk shall transmit a copy of this order to Wade and to all counsel of record.

Entered: January 20, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[2] While the court held that certain claims were procedurally defaulted, Wade's Rule 60 motion does not argue that the court erred in finding those claims to be defaulted.